UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**DAVID GRAY**
    Petitioner,

  v.              Case No. 10-C-0039

**STATE OF WISCONSIN DEPARTMENT
OF CORRECTIONS**
    Respondent.

## ORDER

On January 14, 2010, David Gray filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of attempted first degree intentional homicide and armed robbery. He is currently incarcerated at Kettle Moraine Correctional Institution.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases.

Gray assets three grounds for relief, all of which arise under the Sixth Amendment to the United States Constitution. First, he argues that his trial counsel was ineffective because he failed to introduce evidence that would have established an alibi. Second, he

argues that the state failed to provide him with a speedy trial. Third, he argues that his trial counsel was ineffective because he mishandled certain evidentiary issues. These are all colorable constitutional claims.

However, it appears that the petition may be untimely. Pursuant to 28 U.S.C. § 2244(d)(1)(A), a federal habeas petition must normally be filed within one year from the date on which the judgment of conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review." The petition states that Gray was convicted on October 30, 1998, and that direct review of his conviction concluded on October 17, 2003. Thus, Gray appears to have filed his petition approximately six years too late. However, there are exceptions to the one-year limitation period, and because untimeliness is an affirmative defense, Pavlovsky v. Van Natta, 431 F.3d 1063, 1064 (7th Cir. 2005), petitioner was not required to plead facts establishing the timeliness of the petition. Therefore, I will not dismiss the petition as untimely at this stage of the proceedings. If respondent believes that the petition is untimely (or barred for any other procedural reason), he may move to dismiss it.

**THEREFORE, IT IS ORDERED** that within 45 days of the date of this order respondent either answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, or file a dispositive motion.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent

shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 9 day of February, 2010.

/s_____
LYNN ADELMAN
District Judge