# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID GRAY,

    Plaintiff,

v.                                                         Case No. 10-C-0039

STATE OF WISCONSIN DEPARTMENT
OF CORRECTIONS,

    Defendant.

## DECISION AND ORDER

### NATURE OF CASE

The petitioner, David Gray, who is currently incarcerated at the Kettle Moraine Correctional Institution, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1). The petition states that the petitioner was convicted of attempted first-degree intentional homicide and armed robbery and sentenced to 40 years in prison. Id. By his petition, the petitioner challenges the October 29, 1998, judgment of conviction on several grounds. Id.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. §636(b)(1)(B) and General Local Rule 73(a)(1) (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

United States District Judge Lynn Adelman[1] conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases. By order filed February 9, 2010, the court determined the petition may be untimely pursuant to the one-year limitation period under 28 U.S.C. § 2244(d)(1)(A). The court also noted untimeliness is an affirmative defense. (Docket # 3). Thus, the court ordered the respondent to file an answer, motion or other response to the petition for a writ of habeas corpus. Id.

On March 25, 2010, the respondent filed a motion to dismiss the petition as untimely filed and a brief in support of its motion. (Docket # # 8 & 9, respectively). On May 12, 2010, the petitioner filed a brief titled "Petitioner's Brief." (Docket # 10). The petitioner's brief does not respond to the motion to dismiss the petition as untimely. Rather, the petitioner's brief addresses the merits of his claims and includes copies of two sworn affidavits, a copy of a California identification card, and copies of two handwritten receipts. Id.

On June 9, 2010, the respondent filed a reply brief again requesting that this court dismiss the petitioner's petition because it is untimely. (Docket # 11).

## **ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) gives state prisoners one year from the final disposition of their cases to file for habeas corpus relief. 28 U.S.C. § 2244(d)(1); see Jones v. Bertrand, 171 F.3d 499, 500 (7th Cir. 1999). Specifically, 28 U.S.C. § 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

---

[1] This case was subsequently reassigned to this court on March 9, 2010, after both parties consented to United States magistrate judge jurisdiction.

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . ..

The AEDPA also provides for the tolling of the statute of limitations for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

In <u>Anderson v. Litscher</u>, 281 F. 3d 672, 674-75 (7th Cir. 2002), the court addressed when the one year statute of limitations under § 2244(d)(1)(A) begins to run. The court noted that the statute provides that the one-year period of limitations begins to run from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." <u>Id</u>. at 674. The court held that because the plain words of the statute include the period for seeking direct review, regardless of whether a petitioner chooses to avail himself of that opportunity, the 90-day period during which a petition for certiorari may be filed by a state prisoner falls within the meaning of § 2244(d)(1)(A) for purposes of calculating when the statute of limitations begins to run. <u>Id</u>. at 674-75.

The petitioner was convicted in Milwaukee County Circuit Court of attempted first degree intentional homicide and armed robbery on September 27, 1998, and sentenced to 40 years in prison on October 29, 1998. (Respondent's Brief in Support of Motion to Dismiss, [Respondent's Brief], Exh. A).

After his conviction the petitioner unsuccessfully sought post-conviction relief pursuant to Wis. Stat. § 809.30 and § 974.02 in the circuit court. (Respondent's Brief, Exh. B at 3). He appealed his conviction and the court's order denying his post-conviction motion to the Wisconsin Court of Appeals. (Respondent's Brief, Exh. B). The court of appeals affirmed his conviction and the denial of the post-conviction motion on January 4, 2002. The petitioner

then petitioned the Wisconsin Supreme Court for review, which the court denied on April 22, 2002. (Respondent's Brief, Exh. C). Consequently, the petitioner's conviction became final by the conclusion of direct review on July 21, 2002, 90 days after the Wisconsin Supreme Court denied further review. See 28 U.S.C. § 2244(d)(1)(A). Therefore, the petitioner's one-year time limit to petition for habeas corpus relief began to run on July 21, 2002. See Fed. R. Civ. P. 6(a).

However, on June 17, 2002, the petitioner filed a motion for post-conviction relief in the Milwaukee County Circuit Court pursuant to Wis. Stat § 974.06. (Respondent's Brief, Exh. D). The circuit court denied the petitioner's motion on June 25, 2002. The Wisconsin Court of Appeals affirmed the circuit court's order on October 17, 2003. (Respondent's Brief, Exh. E). The Wisconsin Supreme Court denied Gray's subsequent petition for review on January 23, 2004. (Respondent's Brief, Exh. F).

On April 5, 2004, 73 days later, the petitioner filed a second Wis. Stat. § 974.06 motion in Milwaukee County Circuit Court. (Respondent's Brief, Exh. G). The court denied the petitioner's motion the following day and the court of appeals affirmed the circuit court's order on August 15, 2006. (Respondent's Brief, Exh. H). The Wisconsin Supreme Court denied the petitioner's petition for review on February 12, 2007. (Respondent's Brief, Exh. I).

The respondent states that on April 6, 2007, 53 days later, the petitioner filed a "motion to correct" in the Milwaukee County Circuit Court. (Respondent's Brief at 4). On April 4, 2007, the court denied his motion which the court of appeals affirmed on September 3, 2008. (Respondent's Brief, Exh. J). The Wisconsin Supreme Court denied review on January 13, 2009. (Respondent's Brief, Exh. K).

This petition for federal habeas corpus relief was dated January 7, 2010, but was received by this court on January 14, 2010. (Docket # 10). Under the prisoner mailbox rule, this court uses the January 7, 2010, date in its calculation as it is the earliest day the petitioner could have delivered his petition to prison authorities for forwarding to the district court. See Houston v. Lack, 487 U.S. 266 (1988).

Thus, 73 days elapsed between the Wisconsin Supreme Court's denial of review for the petitioner's first § 974.06 motion on January 23, 2004, and the date the petitioner filed his second § 974.06 motion, April 5, 2004. An additional 53 days elapsed between the Wisconsin Supreme Court's denial of review for this second § 974.06 motion on February 12, 2007, and the filing of the petitioner's "motion to correct" on April 6, 2007. Lastly, 359 days elapsed between the Wisconsin Supreme Court's denial of review for the petitioner's "motion to correct" on January 13, 2009, and this habeas petition's dispatch date of January 7, 2010. These three periods combine to equal 485 days which exceeds the one-year statute of limitations in 28 U.S.C. § 2244(d)(1) by 120 days.

Untimeliness is an affirmative defense to a petition for federal habeas relief and the respondent has raised this defense. In his reply, the petitioner failed to overcome this defense by offering any objection or justification for exceeding the one-year statute of limitations for federal habeas relief. Accordingly, the respondent's motion to dismiss will be granted and the petition will be denied.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion to dismiss petition for a writ of habeas corpus be and hereby is **granted**. (Docket # 8).

**IT IS FURTHER ORDERED** that the petitioner's petition for a writ of habeas corpus be and hereby is **denied**. (Docket #1).

**IT IS ALSO ORDERED** that this action be and hereby is **dismissed**.

**IT IS ALSO ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 20th day of October, 2010.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge